**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 12-2251

————————

RICHARD G. HOLLAND,
Appellant

v.

SIMON PROPERTY GROUP, INC.; MACERICH; TIMOTHY KORHUMEL;
DEPTFORD MALL SECURITY; JANINE IMPERATO, Security Guard;
JOHN AND JANE DOES; ROBERT CHEROBSKI, Deptford Mall Security Guard;
IPC INTERNATIONAL, INC

————————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-09-cv-00914)
District Judge: Honorable Renee M. Bumb

————————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2012

Before: JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: August 29, 2012)

————————

OPINION

————————

PER CURIAM

Richard G. Holland, proceeding pro se, appeals from the District Court's orders granting summary judgment in favor of Defendants and denying his post-judgment motion to amend the complaint. For the reasons that follow, we will affirm.

I.

Holland is a self-described "champion for the rights of the disabled" and "secondary caregiver" for an individual who is severely disabled.[1] (Dkt. No. 40, ¶¶ 8-9.) On February 28, 2007, Holland visited a shopping mall in Deptford, New Jersey, (the "Deptford Mall") to investigate its compliance with the Americans with Disabilities Act ("ADA"). (Id. ¶ 12.) At that time, the Deptford Mall had a policy prohibiting all visitors from videotaping the premises without prior approval (the "No-Videotaping Policy"). (Dkt. No. 66, Attach. 2, ¶ 10.) Holland was videotaping the parking lot when he was approached by two security guards. (Id. ¶ 12.) The security guards informed Holland of the No-Videotaping Policy and asked him at least three times to stop videotaping. (Id. ¶¶ 13-25.) He refused, stating that he was conducting an "assessment of handicapped parking." (Id. ¶ 15.) The security guards claimed that Holland then acted in a

---

[1] This factual background is taken from the record below. Defendants have filed a Motion to Strike Holland's Statement of Facts in his appeal brief because those facts were presented for the first time on appeal. This Court does not "consider material on appeal that is outside of the district court record." Webb v. City of Phila., 562 F.3d 256, 261 n.4 (3d Cir. 2009) (citation omitted). Therefore, Defendants' motion to strike is denied as unnecessary.

threatening manner towards them. (Id. ¶¶ 26-27.) The local police were notified. (Dkt. No. 40, ¶ 14; Dkt. No. 66, Attach. 2, ¶ 30.) They arrived and asked Holland to leave and never return. (Dkt. No. 40, ¶ 14.) Regardless, Holland visited the Deptford Mall at least twice after February 28, 2007, without incident. (Dkt. No. 66, Attach. 8, Ex. B at 83:17-84:15; 87:4-17.)

Holland commenced this case in February 2009. Holland claimed that Defendants retaliated against him under the ADA and the New Jersey Law Against Discrimination ("NJLAD") by revoking his status as a business invitee and banning him from the Deptford Mall.[2] (Dkt. No. 40.)

On August 24, 2010, the District Court granted Holland leave to amend his complaint. Discovery ensued. Defendants filed motions for summary judgment that were granted by opinion and order entered December 30, 2011. Holland filed a timely post-judgment motion to amend the complaint pursuant to Federal Rule of Civil Procedure 59(e), which the District Court denied. Holland timely filed his Notice of Appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

1.   **The District Court Properly Granted Summary Judgment in Favor of Defendants**

---

[2] After receiving Holland's complaint, Defendants sent him a letter stating that he was never banned from the Deptford Mall, and that he was free to visit at any time. (Dkt. No. 66, Attach. 3, Ex. A; Attach. 7, Ex. D.)

3

Our review of the District Court's order granting summary judgment is plenary, and we apply the same test used by the District Court. Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 758 (3d Cir. 2004). That is, we must be satisfied that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the facts in the light most favorable to Holland, the non-moving party. Williams, 380 F.3d at 758.

Both the ADA and the NJLAD prohibit retaliation against any individual because he has opposed any act or practice made unlawful by those statutes. See 42 U.S.C. § 12203(a); N.J. Stat. Ann. 10:5-12(d). To prove a prima facie case of retaliation under the ADA and the NJLAD, the plaintiff must demonstrate by a preponderance of the evidence that (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action. Williams, 380 F.3d at 759 (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (other citation omitted)); Victor v. State, 4 A.3d 126, 141 (N.J. 2010). Once a prima facie case is made, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for taking the adverse action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Williams, 380 F.3d at 759 n.3 (McDonnell Douglas framework applies to ADA retaliation claims). If the defendant meets that burden, the plaintiff has the burden of proving that the defendant's reason was merely pretextual. McDonnell Douglas, 411 U.S. at 804.

4

The District Court determined that Holland's investigative videotaping was a protected activity under the ADA and the NJLAD. (Dkt. No. 82, p. 11.)[3] Moving to the second prong of the prima facie case, it was Holland's burden to prove that he suffered an adverse action. Williams, 380 F.3d at 759; Victor, 4 A.3d at 141. Holland alleged that the adverse actions were (1) Defendants calling the police and asking them to remove him from the Deptford Mall and (2) his being banned from the premises.[4] (Id., p. 12.) Holland did not meet his burden of proving by a preponderance of the evidence that he suffered an adverse action as a result of engaging in a protected activity. First, there was no evidence that any of the Defendants were involved with the local police ordering Holland to leave the Deptford Mall and never return. Second, Holland testified that he had freely visited the premises at least twice since February 28, 2007, and he produced a letter from Defendants stating that he was never banned from the Deptford Mall. (Dkt. No. 66, Attach. 7, Ex. D.) Holland did not suffer an adverse action at the hands of

---

[3] We need not and do not decide whether characterizing the videotaping as protected activity was legally sound.

[4] The District Court correctly declined to consider claims of retaliation asserted for the first time in Holland's summary judgment opposition brief. Anderson v. DSM N.V., 589 F. Supp. 2d 528, 534 n.5 (D.N.J. 2008) (citing Shanahan v. City of Chi., 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.")).

5

Defendants.[5]  Because Holland failed to prove a prima facie case of retaliation, the District Court properly granted summary judgment in favor of Defendants on his ADA and NJLAD claims.

## 2. The District Court Properly Denied Holland's Motion for Reconsideration

We review the denial of a motion for reconsideration for abuse of discretion, while reviewing the District Court's underlying legal determinations de novo and its factual determinations for clear error.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).  The District Court liberally construed Holland's Rule 59(e) motion (Dkt. No. 94) as both a motion for reconsideration and a post-judgment motion to amend the complaint.  A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Holland did not identify any of these factors in his motion.  He merely rehashed the arguments he presented in his summary judgment opposition brief.  (Dkt. No. 84.)  Finding no abuse of discretion by the District Court, we will affirm the denial of  Holland's motion for reconsideration.

---

[5] Even if the Defendants asked Holland to leave the premises or directed the police to do so, they had a legitimate, non-retaliatory reason, that is, his undisputed refusal to comply with the No-Videotaping Policy.  McDonnell Douglas, 411 U.S. at 802.  Holland had no evidence that this reason was pretextual.  Id. at 804.

6

**3.** **The District Court Properly Denied Holland's Post-Judgment Motion to Amend His Complaint**

We review the denial of a post-judgment motion to amend a complaint for abuse of discretion. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012) (citations omitted). The District Court's underlying legal determinations are reviewed de novo and its factual determinations are reviewed for clear error. Id. Where, as here, the Rule 59(e) motion is timely filed, the District Court should consider the factors set forth in Federal Rule of Civil Procedure 15(a) when determining whether to grant the post-judgment motion to amend. Id. at 230. Those factors include "undue delay, bad faith, prejudice, or futility." Id. at 230-31(citation omitted).

Holland wanted to amend his complaint to add new claims for retaliation that were first asserted in his summary judgment opposition brief. (Dkt. No. 84, p. 2.) The District Court determined that Holland exhibited undue delay in seeking the amendment, that an amendment after entry of judgment would unfairly prejudice Defendants, and that his request was procedurally defective for failing to attach a copy of his proposed second amended complaint. (Dkt. No. 91.) We agree. Holland's delay was undue for several reasons, all of which were properly analyzed by the District Court under our decision in Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001), and need not be repeated here. Defendants certainly would have been prejudiced if the motion were granted, as allowing Holland's amendment would have resulted in "additional discovery, cost, and preparation to defend against new facts or new theories" after

7

judgment was entered in their favor.  Id.  Finally, Holland's failure to submit a copy of his proposed second amended complaint, standing alone, was enough reason to deny his motion.  Id.  The District Court did not abuse its discretion in denying Holland's post-judgment motion to amend his complaint.[6]

For the foregoing reasons, we will affirm the District Court's orders granting summary judgment in favor of Defendants and denying Holland's post-judgment motion to amend his complaint.

---

[6] We have considered Holland's argument that the District Court should have analyzed this motion under Federal Rule of Civil Procedure 60 and find it to be without merit.